**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LORENZO REYNOSA GARRIDO,

Petitioner,

v.

JOSHUA JOHNSON, et al.,

Respondents.

**CASE NO.** 5:26-CV-04765-CTS

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

## I. INTRODUCTION

On August 20, 2026, Petitioner Lorenzo Reynosa Garrido ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States because his bond hearing was constitutionally deficient. (*See generally id.*) On August 26, 2026, Respondents filed an Answer to the Petition (Ans., ECF No. 7). On August 29, 2026, Petitioner filed his Reply. (Rep., ECF No. 8.) For the reasons set forth below, the Court DISMISSES the Petition WITHOUT PREJUDICE.

## II. BACKGROUND

Petitioner is a native and citizen of Mexico. (Bond Memorandum and Order of the Immigration Judge ("IJ Order") at 1,[1] ECF No. 1-1.) He has lived in the United States for 21 years, is the father of three United States Citizen children, filed taxes for tax years 2008–2024, has been employed, and is married. (Pet. ¶¶ 16, 19.) On November 9, 2025, Petitioner was arrested by the Santa Maria Police Department and charged with driving under the influence. (*Id.* at ¶ 16.) According to the summary of the police report in the IJ Order:

> [Petitioner] was driving in the middle of the roadway. The officer stopped and flashed his lights at the vehicle. [Petitioner] proceeded to drive and then collided with the front drive side fender of the Sergeant's marked patrol vehicle. The officer noted that [Petitioner] urinated in his pants, he had bloodshot watery eyes. He and his truck had a strong odor of alcoholic beverages, and 5 separate 24-ounce empty cans of beer were in the truck. Respondent was swaying back and forth with little to no balance.

(IJ Order at 2.) Petitioner has no prior history of driving under the influence in the United States; Petitioner was by himself in the car; no one was injured; and Petitioner was under stress at the time because of his child's recent autism diagnosis. (Pet. ¶ 16.) Petitioner was taken into ICE custody the same day. (*Id.* at ¶ 14.)

On or around June 16, 2026, Petitioner appeared before an IJ for a bond hearing under *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015). (*Id.* at ¶ 20; IJ Order at 1.) The IJ recognized that Petitioner had family ties and a long history of residence and employment in the United States, but denied bond on the basis of

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

Petitioner's arrest for driving under the influence, noting the recency and seriousness of his criminal behavior. (IJ Order at 3.) The IJ further stated: "The Court is extremely concerned about [Petitioner]'s recent offense in which he indicated he did that because he was sad and sometimes, he gets nerve attacks." (*Id.*) Finally, the IJ found that Petitioner entered the United States illegally and that his relief from removal is speculative, and concluded that the Government met its burden by clear and convincing evidence that Petitioner was such a danger that no bond was appropriate. (*Id.*)

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (Pet. ¶ 21.) He then filed the instant Petition on August 20, 2026, challenging the constitutional sufficiency of the IJ's June 16, 2026 bond determination and arguing that appealing to the BIA is futile. (Pet. ¶¶ 21, 23–31.)

The Answer does not dispute these allegations, nor provide additional facts other than relying on the IJ Order for the facts of Petitioner's arrest. (*See generally* Ans.)

## III. DISCUSSION

The Court first considers whether it has jurisdiction to decide the Petition. Section 1226(e) precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). However, the Ninth Circuit has held that the "application of a statutory legal standard to an established set of facts is a quintessential mixed question of law and fact and is reviewable," and thus an IJ's application of the dangerousness standard at a bond hearing is a mixed question of fact and law subject to review. *Martinez v. Clark*, 124 F.4th 775, 779, 783 (9th Cir. 2024) (quotation omitted). Therefore, the Court may not review an IJ's discretionary bond determination, but retains

jurisdiction under habeas to consider any error of law or claimed due process violation. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). The Petition alleges that the IJ misapplied the legal standard and violated the Petitioner's due process rights by improperly relying on a criminal arrest instead of a conviction. The Court finds it has jurisdiction to review the Petition.

Respondent argues that the Petition is not proper because Petitioner has not exhausted his administrative remedies. The Court agrees on the specific facts of this case. Petitioner has appealed to the BIA, but that appeal has not been exhausted. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Exhaustion in these circumstances may be excused because, on habeas review under Section 2241, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)). However, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

"Courts may require prudential exhaustion if: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation omitted). exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable

injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir. 1981)). Petitioner bears the burden of "demonstrat[ing] grounds for excusing the exhaustion requirement." *Leonardo*, 646 F.3d at 1161; *see also Jacinto Chacon v. Mullin*, No. 5:26-CV-03294-RAO, 2026 WL 2127177, at *4 (C.D. Cal. July 21, 2026) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." (quoting *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025)).

As to the first *Puga* factor, Petitioner in this case complains that the IJ's order improperly relied on his arrest for driving under the influence when it was not a conviction. As the IJ relied not merely on the fact that an arrest occurred, but on the facts stated in the police report, and Petitioner does not contest those facts, the Court finds that BIA review here would help generate the BIA's own order evaluating whether reliance on the arrest was adequate. *Puga*, 488 F.3d at 815. Regarding the second *Puga* factor, the Court finds that Petitioner would have an "improper shortcut" to federal court, inverting the administrative remedy scheme, *Leonardo*, 646 F.3d at 1160, without justification in this case. At the bond hearing, the IJ placed the burden of demonstrating dangerousness by clear and convincing evidence on the government, and concluded that the government had met its burden based on the facts surrounding Petitioner's arrest and on his mental stability. (IJ Order at 3.) The Court does not find the IJ's decision to be facially deficient such that a "shortcut" to federal court is appropriate. The IJ's decision is the first step in a process designed to produce a reasoned decision at the administrative appellate level. Once the administrative record is complete, a federal court would have the considered agency decision to review. Finally, regarding the third *Puga* factor, the BIA can correct the alleged deficiencies Petitioner identifies, if warranted.

///

Similarly, on this record, the Court does not find the IJ's decision to be facially deficient such that there are grounds for excusing the exhaustion requirement under *Laing*. The facts before the Court are not sufficient to demonstrate that an appeal of the IJ's bond determination to the BIA would be inadequate, futile, or void or would result in irreparable injury. *See Jacinto Chacon*, 2026 WL 2127177, at *5 (finding that waiver of prudential exhaustion was not warranted); *see also An Wei v. Warden, Desert View Annex*, No. 8:26-CV-01481-JDE, 2026 WL 1916424, at *3 (C.D. Cal. June 30, 2026) ("Petitioner has not shown an appeal to the BIA in his particular case would necessarily be futile.").

As Petitioner has not shown that his failure to exhaust administrative remedies should be excused, it is recommended that the Petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT the Petition be DISMISSED WITHOUT PREJUDICE.

DATED: October 16, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE